J-S38028-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| HAGGON A. WAITE, | |
| Appellant | No. 1721 EDA 2016 |

Appeal from the PCRA Order May 26, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0016396-2008

BEFORE:  GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2017**

Haggon A. Waite ("Appellant") appeals from the May 26, 2016 order denying his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  We affirm.

The PCRA court set forth the background of this case in its opinion to this Court.

> On June 19, 2008, [Appellant] was arrested and charged with inter alia[:] 1) Possession of an Instrument of Crime; 2) Carrying a Firearm without a License; and, 3) Carrying a Firearm in Public in Philadelphia.[1]  On August 14, 2012, [Appellant] entered a negotiated plea of guilty to those charges.[[1]]  The [trial

---

[*]  Former Justice specially assigned to the Superior Court.

[1]  In exchange for Appellant's guilty plea, the Commonwealth *nol prossed* four charges:  criminal use of a communication facility, criminal conspiracy,
*(Footnote Continued Next Page)*

c]ourt proceeded to sentence [Appellant] that day in accordance with his negotiated guilty plea agreement, to one and [one] half years to six years confinement in a State Correctional Facility. [Appellant did not file a direct appeal.]

[1] 18 Pa.C.S.A. 907(a); 18 Pa.C.S.A. 6106(a)(1); 18 Pa.C.S.A. 6108

On January 22, 2013, [Appellant] filed a *pro se* PCRA petition pursuant to 42 Pa.C.S.A. §9541 *et. seq.* On December 4, 2013, Peter Alan Levin, Esq. was appointed as PCRA counsel. On January 7, 2015, PCRA counsel filed an amended petition which mirrored [Appellant's] initial complaints. On February 11, 2016, the Commonwealth filed a Motion to Dismiss [Appellant's] amended PCRA petition. On April 14, 2016, this Court gave notice of its intention to dismiss [Appellant's] amended PCRA petition, pursuant to Pennsylvania Rule of Criminal Procedure 907. On May 26, 2016, [Appellant's] amended PCRA petition was dismissed by the [c]ourt.

PCRA Court Opinion, 9/28/16, at 1–2. This appeal followed. Appellant and

the trial court complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following questions for our review:

I.   Whether the court erred in not granting relief on the PCRA petition alleging counsel was ineffective.

II.  Whether the court erred in denying the Appellant's PCRA petition without an evidentiary hearing on the issues raised in the amended PCRA petition regarding trial counsel's ineffectiveness.

Appellant's Brief at 8 (reordered for ease of disposition).

When reviewing the propriety of an order denying PCRA relief,

this Court is limited to determining whether the evidence of record supports

*(Footnote Continued)* ────────────────

possession with intent to deliver marijuana, and possession of a controlled substance. Commonwealth's Motion to Dismiss, 2/11/16, at 1.

the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Robinson***, 139 A.3d 178, 185 (Pa. 2016). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. ***Commonwealth v. Lippert***, 85 A.3d 1095, 1100 (Pa. Super. 2014).

Appellant claims he received ineffective assistance of counsel ("IAC"). In resolving questions of counsel's effectiveness, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." ***Id.*** (citation omitted). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Id.***

Appellant asserts:[2]

---

[2] To the extent Appellant directly challenges the denial of his pretrial motions and the adequacy of the trial court's plea colloquy, we decline to review his arguments because they are outside the scope of the IAC claim raised in Appellant's PCRA petition. Appellant's Brief at 15–19; 42 Pa.C.S. § 9543(a)(2)(i–viii).

> [T]rial counsel's ineffectiveness and coercive actions played a large role in the unlawful inducement of the Appellant's guilty plea. Counsel never insured that Appellant was given a proper colloquy prior to entering the plea concerning not being able to appeal the suppression motion or to bring up the violation of the speedy trial rule.

Appellant's Brief at 20.[3] Appellant further claims, "[T]here was no reasonable basis to justify any type of inducement or coercive nature on the part of trial counsel to insist that the Appellant plead guilty where the pretrial rulings could have been successfully appealed." *Id.* Lastly, Appellant contends, "[T]here is a clear showing of actual prejudice. . . . Had the Appellant been able to try the matter before the jury, a decision of innocence may have been arguably been [sic] found[.]" *Id.*

After reviewing the relevant law, the PCRA court disposed of Appellant's IAC claim as follows:

> [Appellant] essentially argues that his guilty pleas were unlawfully induced because trial counsel was ineffective in apprising him of certain appellate rights he was waiving in pleading guilty. The crux of [Appellant's] argument regarding this claim is that his counsel failed to properly advise him that he would lose the right to appeal pre-trial rulings, and as such acted to unlawfully induce [Appellant's] guilty pleas. This claim is without merit as these rights were made clear to [Appellant] during the colloquy process.

_____

[3] We note that Appellant's suppression-based argument was not raised in his *pro se* or counseled PCRA petitions. Therefore, it is waived. **See Commonwealth v. Reid**, 99 A.3d 470, 494 (Pa. 2014) (citing **Commonwealth v. Santiago**, 855 A.2d 682, 691 (Pa. 2004) (claim not raised in PCRA petition cannot be raised for the first time on appeal, and is "indisputably waived")).

[Appellant's] Written Guilty Plea Colloquy clearly states "If I already had a hearing on pre-trial motions, when I plead guilty, I give up my right to appeal the decisions on those motions." At the bottom of the written colloquy, it reads "I have read all of the above, or my lawyer read it to me. I understand it. My answers are all true and correct." [Appellant] had ample opportunity to review the document with counsel before signing it, and did, in fact, sign it after such a review. (N.T., 8/14/2012 pg. 3–4). The [c]ourt also afforded [Appellant] sufficient opportunity to ask any questions, either to the [c]ourt or to his counsel, if any areas of his negotiated guilty plea were unclear or not understood. (N.T., 8/14/2012 pg. 11–12)

. . . [R]eviewing courts analyze the validity of a guilty plea by the totality of its circumstances. In using this standard, it is clear that [Appellant's] negotiated guilty plea was entered into knowingly, intelligently, and voluntarily. Prior to accepting his pleas, the [c]ourt explained [Appellant's] remaining appellate rights, stating that he would "lose some, but not all" of his appellate rights.

* * *

Indeed, all of the elements required during the colloquy process were present at [Appellant's] Negotiated Guilty Plea Hearing. (N.T., 8/14/2012 pg. 4, 13, 17) Prior to accepting his negotiated pleas, the [c]ourt asked [Appellant] if there was anything explained to him which he did not understand, or if he had any questions for the [c]ourt, to which [Appellant] replied "No, Your Honor." The [c]ourt asked [Appellant] if he had any questions for defense counsel, to which [Appellant] replied, "Nothing, Your Honor." The [c]ourt concluded that [Appellant] had "made knowing, intelligent, voluntary pleas of guilty." (N.T., 8/14/2012 pg. 11–12) [Appellant] was not threatened or convinced to enter his guilty plea, and he did so with a full understanding of its consequences. (N.T., 8/14/2012 pg. 4, 8–9) Thus, [Appellant] knowingly, intelligently, and voluntarily entered into his negotiated guilty pleas.

Trial Court Opinion, 9/28/16, at 5–7.

Our review of the certified record reveals that it includes Appellant's written guilty plea colloquy in which he affirmed that, by pleading guilty, he

was giving up his speedy trial right. Written Guilty Plea Colloquy, 8/14/12, at 2. However, the certified record does not include the notes of testimony from Appellant's guilty plea hearing. It is the responsibility of Appellant to ensure all necessary transcripts are included in the certified record. **_See_** Pa.R.A.P. 1911(a) ("The appellant shall request any transcript required under this chapter . . ."). Without those notes, we are unable to review whether the trial court provided Appellant with an adequate colloquy regarding the waiver of his rights. **_See Commonwealth v. Houck_**, 102 A.3d 443, 456–457 (Pa. Super. 2014) (instructing where appellant has not made transcript of proceedings at issue part of certified record, any claims that cannot be resolved in absence of necessary transcript must be deemed waived). Thus, we agree with the PCRA court that Appellant's underlying argument—that trial counsel was ineffective for failing to advise Appellant regarding the waiver of his rights—lacks merit.

Additionally, Appellant challenges the denial of his request for an evidentiary hearing. We repeat:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

The sole claim Appellant raised in his *pro se* and amended PCRA petitions was trial counsel's ineffectiveness in failing to advise Appellant that, by pleading guilty, he waived his right to challenge the speedy trial rule. Motion for Post Conviction Collateral Relief, 1/22/13, at ¶¶ 4, 5; Amended Petition, 1/7/16, at ¶¶ 8–9. Upon review of the record, we agree with the PCRA court that Appellant's claim has no support either in the record or other evidence; therefore, there are no genuine issues of material fact in controversy. ***Miller***, 102 A.3d at 992. Consequently, we discern no abuse of the PCRA court's discretion in denying Appellant relief without conducting an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/18/2017